UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| EFRAIN GAINZA, | ) | No. CV 06-06203-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION, AND ORDER THEREON |
| v. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

Efrain Gainza ["Plaintiff"] filed this action pursuant to 42 U.S.C. §405(g), seeking review of the denial by the Commissioner of Social Security ["Commissioner"] of his application for Supplemental Security Income ["SSI"] under the provisions of Title XIV of the Social Security Act ["Act"]. Plaintiff seeks reversal of the Commissioner's decision. Defendant requests that the Court affirm the Commissioner's final decision.

Plaintiff filed his Complaint on September 28, 2006. The Commissioner's Answer and Certified Administrative Record were filed on April 10, 2007. Thereafter, a Joint Stipulation ["JS"] was submitted on June 15, 2007.

The parties have consented to proceed before Magistrate Judge Victor B. Kenton, pursuant to 28 U.S.C. §636. This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law.

## I

## BACKGROUND

Plaintiff protectively filed an application for Supplemental Security Income benefits on July 28, 2004, alleging an onset date of November 5, 2003. (Administrative Record ["AR"] 42.) Plaintiff's application was denied administratively on September 30, 2004 (AR 33.) Plaintiff then requested a hearing before an Administrative Law Judge ["ALJ"], which was held in Downey, California on December 8, 2005. (AR 19.) At that hearing, Plaintiff appeared in person and refused representation by counsel. (AR 272.) In addition, testimony was taken from orthopedist Dr. Joseph Jensen, in his capacity as a Medical Expert ["ME"], and from rehabilitation counselor Freeman Leeth, Jr. in his capacity as a Vocational Expert ["VE"]. An unfavorable decision was issued by the ALJ on December 16, 2005. (AR 19-23.) Plaintiff then retained counsel and requested review by the Appeals Council on June 19, 2006. (AR 261.) The Appeals Council declined review on August 23, 2006 (AR 6), thus rendering the ALJ's decision the final decision of the Commissioner. Plaintiff then requested this judicial review pursuant to 42 U.S.C. §405(g).

In the JS, Plaintiff and Defendant raise these issues:

1. Whether the Appeals Council erred in failing to remand the case for evaluation of new and material evidence regarding Plaintiff's physical and mental impairments

2. Whether the ALJ erred in failing to fully develop the record

        regarding all of Plaintiff's severe impairments, especially given that Plaintiff was unrepresented at the hearing.

3. Whether the ALJ properly considered Plaintiff's testimony.

4. Whether the testimony of the VE was flawed because the hypothetical posed by the ALJ was vague and ambiguous.

## II

## **STANDARD OF REVIEW**

The Court, pursuant to 42 U.S.C. §405(g), has the authority to review the Commissioner's decision denying Plaintiff's disability benefits to determine whether her findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching her decision. <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998).

A claimant is "disabled" for the purpose of receiving benefits under the Social Security Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A); 20 CFR §§404.1505(a), 416.905(a). "The claimant bears the burden of establishing a <u>prima</u> <u>facie</u> case of disability." <u>Roberts v. Shalala</u>, 66 F.3d 179, 182 (9th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1122 (1996); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1289 (9th Cir. 1996).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process to be followed by the ALJ in a disability case. 20 C.F.R. §§404.1520, 416.920. In the **First Step**, the ALJ must determine whether the claimant is currently engaged in

substantial gainful activity; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. §§404.1520(b), 416.920(b). If the claimant is not currently engaged in substantial gainful activity, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting him from performing basic work activities; if not, a finding of nondisability is made and the claim is denied. 20 C.F.R. §§404.1520(c), 416.920(c). If the claimant has a severe impairment, in the **Third Step**, the ALJ must compare the impairment to those impairments in the Listing of Impairments ("Listing"), 20 C.F.R. §404, Subpart P, App. 1; if the impairment meets or equals an impairment in the Listing, disability is conclusively presumed and benefits are awarded. 20 C.F.R. §§404.1520(d), 416.920(d). When the claimant's impairment does not meet or equal an impairment in the Listing, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform his past work; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. §§404.1520(e), 416.920(e). When the claimant shows an inability to perform past relevant work, a prima facie case of disability is established and, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. §§404.1520(f), 416.920(f).

Following this sequential evaluation process, at **Step One**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date. (AR 22, Finding 2.) At **Step Two,** the ALJ found that Plaintiff suffers from a severe impairment of "early development defect because of L5 arch problem, resulting in

4

lumbar spine spondylolisthesis at L5-S1; and hypertrophic changes of the thoracic spine at T8-T12." (AR 23, Finding 3.) At **Step Three**, the ALJ determined that this impairment does not meet or medically equal any of the Listings. (Id., Finding 4.) After determining Plaintiff's residual functional capacity ["RFC"], the ALJ found at **Step Four** that Plaintiff can return to his past relevant work as an order clerk. (Id., Findings 6, 7.) Thus, the ALJ did not proceed to the **Step Five** analysis and found that Plaintiff was not under a disability as defined in the Act at any time through the date of the decision. (Id., Finding 8.)

## III

## DISCUSSION

**A.  Remand Is Required Because The Appeals Council Failed To Adequately Consider Newly Introduced Evidence Regarding Plaintiff's Mental Impairment.**

**1. Applicable Law.**

Social Security regulations provide that where new and material evidence is submitted to the Appeals Council with a request for review, the entire record will be evaluated and review of the ALJ's decision will be granted where the ALJ's actions, findings, or conclusions are contrary to the weight of the evidence currently of record. 20 C.F.R. §404.970; Bates v. Sullivan, 894 F.2d 1059, 1064 (9th Cir. 1990). Consistent with the regulation, the Ninth Circuit further held that the Appeals Council must evaluate new and material evidence if it relates to the period on or before the date of the ALJ's decision. (Id.)

**2. Application of Law.**

In the instant case, the Appeals Council declined to remand the case for evaluation of new and material evidence regarding Plaintiff's mental impairments. Unlike Bates, where the Plaintiff submitted supplemental evidence which only pertained to a time period months *after* the ALJ's adverse decision, here Plaintiff's evidence pertains to relevant time periods.

The Appeals Council should have substantively evaluated Dr. Curtis' December 5, 2005 psychiatric testing and evaluation of Plaintiff. Dr. Curtis issued a fifteen-page summary of Plaintiff's affective state and cognitive abilities (AR 236-251) and concluded that Plaintiff's "psychological test results were highly abnormal" (AR 241), that Plaintiff was "temporarily totally disabled on a psychiatric basis" and that "if he were to attempt to return to work now, his psychiatric condition would probably soon deteriorate into worsened emotional dysfunction." (AR 245.) Moreover, Dr. Curtis diagnosed Plaintiff as suffering "Depressive Disorder, Not Otherwise Specified with anxiety" (AR 244) and prescribed four months of psychotherapy and biofeedback. (AR 247.) Such a mental health diagnosis, indicating a likely non-exertional impairment, is substantively relevant because it may serve as an independent basis for a finding of disability.

With respect to Dr. Curtis' psychiatric report, the Appeals Council found it to be insufficient to justify remand because "there were no treatment notes submitted to see how [Plaintiff] responded to [subsequent] therapy and medication." (AR 7.) However, the March 21, 2006 report of Dr. Gromis and the March 13, 2006 report of Phoenix Pain Medicine clinic, which were provided to the Appeals Council (see

6

AR 260), document that Plaintiff was, in fact, taking his medications and was attending weekly psychotherapy as prescribed. (AR 220, 252.) It was incumbent upon the Appeals Council to fully develop the record by requesting Dr. Curtis' treatment notes or by remanding the case to the ALJ with instruction to do so.[1]

Remand is not warranted, however, based on the supplemental treatment records from orthopedic surgeon Edwin Gromis because that evidence does not satisfy the requirements of 20 C.F.R. §404.970. Reports and X-rays from December 28, 2004 indicated that Plaintiff suffered a cervical spine impairment (AR 235) which contributed to Dr. Gromis' assessment of Plaintiff as "temporarily totally disabled." (AR 231.) However, in a May 28, 2005 orthopedic consultative evaluation of Plaintiff's cervical spine, Dr. Gary Chen reported that "[t]here is no tenderness or paravertebral muscle spasm . . .[r]ange of motion is observed to be within normal limits." (AR 181.) The simple contradiction between the diagnoses of Dr. Gromis and Dr. Chen does not satisfy the requirement, to justify remand, that the new evidence must show the ALJ's decision to be contrary to the weight of the evidence.

Remand is necessary, however, to ensure that the opinion of Dr. Curtis is appropriately considered in the evaluation of Plaintiff's condition as it may relate to the existence of a non-exertional (mental) impairment.

---

[1] The regulations state that "[w]hen the evidence we receive from [Plaintiff's] treating [doctor] is inadequate for us to determine whether [Plaintiff is] disabled...we will first recontact [Plaintiff's] treating [doctor] to determine whether the additional information we need is readily available." 20 C.F.R. §404.1512(e).

      **B. Remand Is Not Required Because Plaintiff Failed to Present Any Evidence Tying His Left Hip Abnormality to His Symptomatology.**

Plaintiff's claim that the ALJ omitted evidence of Plaintiff's left hip impairment from the decision is not, as framed in the JS, a question of whether the ALJ failed to adequately develop the record. It is, rather, a question of Plaintiff's failure to provide any medical evidence of a severe left hip impairment or to tie such an impairment to his Symptomatology.

**1. Applicable Law.**

The Ninth Circuit has held that the ALJ is not required to discuss evidence that is neither significant nor probative so long as the decision is based on substantial evidence. See Howard Ex. Rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).

**2. Application of Law.**

The ALJ did not err in failing to consider evidence offered by Plaintiff regarding a possible left hip abnormality. A bone scan conducted by Dr. Larsen, Plaintiff's workers compensation treating physician, in February 2004 revealed increased radiotracer activity in Plaintiff's left acetabulum (AR 175), and X-rays of the pelvis taken in March 2004 revealed a small abnormality about the left acetabular superior dome. (AR 102.) Dr. Larsen stated in his December 2004 report that Plaintiff was "temporarily totally disabled" and "should have the abnormality . . . worked up on a private basis . . . this is something he needs to do." (AR 157-158.) However, Plaintiff never received such a follow-up, and the "abnormality" was never medically

tied to any of Plaintiff's subjective pain symptoms.

In his testimony at the hearing, the ME stated that "the testimony I hear today in regards to the possible bladder tumor and that hip condition is a somewhat convoluted problem and should probably be addressed separately. But I do not think that it contributes to [Plaintiff's] symptomatology." (AR 322-323.) Although Dr. Larsen suggested that the hip abnormality could be a possible medical issue, Plaintiff provided no evidence of further testing to corroborate Dr. Larsen's conjecture. The ME testified that there was no objective evidence of a link between the abnormality and Plaintiff's subjective pain testimony. Thus, the ALJ did not err in failing to consider the hip abnormality in the RFC calculation.[2] Remand will not be granted on these grounds.

   **C.   The ALJ Appropriately Considered the Credibility of Plaintiff's Subjective Pain Testimony.**


      **1.   Applicable Law.**

The Ninth Circuit has upheld that an ALJ is not "required to believe every allegation of disabling pain." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). In providing justifications for discrediting subjective pain testimony, "[t]he mere fact that a

---

[2] Plaintiff also argued that the ALJ erred in accepting the VE's statement that Plaintiff could perform his past relevant work as an order clerk because the hypothetical posed to the VE was vague and ambiguous. (JS 17.) However, this Court finds that there was no ambiguity in the challenged part of the RFC - namely, that Plaintiff should be able to "move about for up to five minutes" for every sixty minutes spent sitting. (JS 18.) Therefore, there is no basis for Remand on these grounds.

Plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001). However, daily activities may be grounds for an adverse credibility finding "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." Fair, 885 F.2d at 603. In order to make such an adverse credibility determination, the ALJ must make specific findings about the transferability of the daily activities to those required in an occupational environment. See Orn, WL 2034287 at *13 (*citing* Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005)).

### 2. **Application of Law**.

The ALJ appropriately factored Plaintiff's subjective pain testimony into the RFC calculation, citing Plaintiff's testimony that he could "bathe, feed, shave, dress himself and comb his own hair" and that he is "able to make his bed, cook, wash dishes, do laundry and shop for groceries." (AR 21.) The ALJ also found it relevant that Plaintiff has custody of his seven-year old son and cares for his ailing father. (Id.) The ALJ stated that "[while a claimant does not have to be utterly incapacitated to be found disabled, the claimant's activities are not consistent with the profile of an individual who cannot perform any basic work activities." (Id.) The ALJ continued that "[Plaintiff's] subjective evidence reflects someone able to do light work." (AR 22.)

The ALJ made no specific findings about the transferability of any of Plaintiff's activities to those required for the job as an order clerk. The ALJ "reflected [Plaintiff's subjective pain

testimony] in the severely restrictive residual functional capacity" (AR 21) and, in fact, rejected the less restrictive RFC recommendation made by Dr. Chen in favor of the more restrictive one made by the ME. (Id.) Therefore, the ALJ appropriately considered Plaintiff's subjective pain testimony. (AR 23, Finding #5.)

For the foregoing reasons, the decision of the Commissioner is reversed and the matter is remanded for a new hearing consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**


DATED:  August 8, 2007

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE